## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | NO. 1:17-CR-381 |
| | : | |
| v. | : | (CHIEF JUDGE CONNER) |
| | : | |
| **CLAY AARON RASP**, | : | (electronically filed) |
| Defendant. | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant. Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea. The defendant agrees to plead guilty to Count One

   of the Indictment, which charges the defendant with a violation

   of Title 18, United States Code, § 2252A(a)(2) and (b),

   distribution of child pornography. The maximum penalty for

   that offense is imprisonment for a period of 20 years, a fine of

   $250,000, a minimum term of supervised release of five years, a

   maximum term of supervised release for life, which shall be

USAO-PAM-HARRISBURG
29 APR '19 PM 12:57

served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in that count. After sentencing, the United States will move for dismissal of any remaining counts of the indictment. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial

2

must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2. <u>Mandatory Minimum Sentence</u>. Count One carries a mandatory minimum period of imprisonment of five years.

3. <u>Term of Supervised Release</u>. The defendant understands that the court must impose a term of at least five years of supervised release following any sentence of imprisonment. In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4. <u>No Further Prosecution, Except Tax Charges</u>. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above. However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

3

## B. Fines and Assessments

5. Fine. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

6. Alternative Fine. The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

4

7.  <u>Inmate Financial Responsibility Program</u>.  If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8.  <u>Special Assessment</u>.  The defendant understands that the court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of

5

this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9. If the defendant is convicted of a human trafficking, sex trafficking, or child pornography/child sexual exploitation offense, and if the Court finds the defendant is not indigent, an additional special assessment of $5,000 will be imposed, pursuant to Title 18 U.S.C. § 3014(a).

10. Collection of Financial Obligations. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a. to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

   b. to submit to interviews by the Government regarding the defendant's financial status;

   c. to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the

6

United States Attorney's Office no later than 14 days
following entry of the guilty plea;

d.  whether represented by counsel or not, to consent to contact
    by and communication with the Government, and to waive
    any prohibition against communication with a represented
    party by the Government regarding the defendant's
    financial status;

e.  to authorize the Government to obtain the defendant's
    credit reports in order to evaluate the defendant's ability to
    satisfy any financial obligations imposed by the court; and

f.  to submit any financial information requested by the
    Probation Office as directed, and to the sharing of financial
    information between the Government and the Probation
    Office.

## C.  Sentencing Guidelines Calculation

11. Determination of Sentencing Guidelines.  The defendant and
    counsel for both parties agree that the United States Sentencing
    Commission Guidelines, which took effect on November 1, 1987,

and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

12. Acceptance of Responsibility– Three Levels. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to

8

find that the defendant is entitled to a three-level reduction shall not be a basis to void this Plea Agreement.

## D. Sentencing Recommendation

13. Specific Recommendation of Sentence.  At the time of sentencing, the United States will make a specific recommendation and reserves the right to recommend the maximum sentence allowed by law.

14. Special Conditions of Supervised Release.  When a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

a.  The defendant be prohibited from possessing a firearm or other dangerous weapon.

b.  The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the court.

c.  The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

9

d.   The defendant be prohibited from incurring new credit
     charges or opening additional lines of credit without
     approval of the Probation Office unless the defendant is in
     compliance with the payment schedule.

e.   The defendant be directed to provide the Probation Office
     and the United States Attorney access to any requested
     financial information.

f.   The defendant be confined in a community treatment
     center, halfway house, or similar facility.

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of
     occupations or with certain individuals, if the Government
     deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse
     counseling, which may include testing to determine whether
     the defendant is using drugs or alcohol.

10

    k.  The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

    l.  The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

    m.  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E.  Forfeiture of Assets

15. <u>Destruction Order/Waivers.</u>  The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation.  The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized.  If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.  The defendant further agrees to waive all

11

interest in the assets in any administrative or judicial forfeiture
proceeding, whether criminal or civil, state or federal. The
defendant consents and waives all rights to compliance by the
United States with any applicable deadlines under 18 U.S.C. §
983(a). Any related administrative claim filed by the defendant
is hereby withdrawn. The defendant agrees to consent to the
entry of orders of forfeiture for such property and waives the
requirements of Federal Rules of Criminal Procedure 32.2 and
43(a) regarding notice of the forfeiture in the charging
instrument, announcement of the forfeiture at sentencing, and
incorporation of forfeiture in the judgment.

## F. Victims' Rights and Restitution

16. Victims' Rights. The defendant understands that pursuant to
the Victim and Witness Protection Act, the Crime Victims'
Rights Act, the Justice for All Act, and the regulations
promulgated under those Acts by the Attorney General of the
United States, crime victims have the following rights:

a. The right to be reasonably protected from the accused;

12

b.  The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

c.  The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

d.  The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.  The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those

13

presented by the United States as a consequence of this Agreement;

f.  The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g.  The right to proceedings free from unreasonable delay; and

h.  The right to be treated with fairness and with respect for the victim's dignity and privacy.

17. <u>Restitution</u>. The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, § 3663A, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. The

14

defendant also agrees that the Government will seek and the court may impose an order of restitution as to victims of the defendant's relevant conduct. With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments. In addition to the schedule of payments that may be established by the court, the Defendant understands and agrees that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of Federal Crime are entitled to full and timely restitution. As such, these payments do not preclude the government from using other assets or income of the Defendant to satisfy the restitution obligation. The Defendant understands and agrees that the

15

United States Attorney's Office, by and through the Financial
Litigation Unit, has the obligation and the right to pursue any
legal means, including but not limited to, submission of the debt
to the Treasury Offset Program, to collect the full amount of
restitution owed to the victim(s) in a timely fashion.  Although
the defendant may reserve the right to contest the amount of
restitution owed, the defendant agrees to take all steps to
facilitate collection of all restitution, including submitting to
debtor's exams as directed by the Government.  Towards this
goal, the defendant agrees to waive any further notice of
forfeiture and agrees that the United States may, at its sole
election, elect to pursue civil and/or criminal forfeiture in the
amount of the victim restitution owed in this case, and the court
may enter both a restitution order and a forfeiture judgment in
the amount of any unpaid restitution found by the court to be
due and owing at the time of sentencing in this matter.  The
defendant consents to the filing of any civil complaint or
superseding information which may be necessary to perfect a

16

forfeiture order and further stipulates and agrees that the
defendant's guilty plea constitutes an admission to all matters
legally and factually necessary for entry of a forfeiture order in
this case. The parties agree that any restitution payments
obtained by the United States or the victim will be applied by
the United States to reduce both the restitution obligation in
this case and the amount of the outstanding forfeiture order
entered by the court. The parties further agree that the
Government will recommend that any assets recovered through
forfeiture proceedings be remitted to crime victims to reduce the
defendant's restitution obligation in this case. The defendant
acknowledges that the making of any payments does not
preclude the Government from using other assets or income of
the defendant to satisfy the restitution obligations. The
defendant understands that the amount of restitution
calculated for purposes of Chapter 5 of the Sentencing
Guidelines might be different from the amount of loss calculated
for purposes of Chapter 2 of the Sentencing Guidelines.

17

18. <u>Restitution for Child Pornography Cases</u>.  The defendant agrees
    to allow the court to determine the appropriate restitution
    based on Title 18, United States Code, § 2259, for identifiable
    victims in the images of child pornography.

19. <u>Restitution for Identifiable Child Pornography Victims.</u>  The
    defendant agrees to pay restitution equal to the loss caused to
    any identifiable victim of the offense of conviction pursuant to
    any applicable statute, including 18 U.S.C. Section 2259. The
    defendant further agrees to pay restitution equal to the loss
    caused to any identifiable victim of his uncharged or dismissed
    relevant conduct pursuant to 18 U.S.C. Sections 3663(a)(3) and
    3663A. The defendant's uncharged or dismissed relevant
    conduct for purposes of determining and ordering restitution
    includes the possession, receipt, and distribution of visual
    depictions of minors engaged in sexually explicit conduct.

## G.  **Information Provided to Court and Probation Office**

20. <u>Background Information for Probation Office</u>.  The defendant
    understands that the United States will provide to the United

18

States Probation Office all information in its possession that the
United States deems relevant regarding the defendant's
background, character, cooperation, if any, and involvement in
this or other offenses.

21. Objections to Pre-Sentence Report. The defendant understands
that pursuant to the United States District Court for the Middle
District of Pennsylvania "Policy for Guideline Sentencing" both
the United States and defendant must communicate to the
Probation Officer within 14 days after disclosure of the pre-
sentence report any objections they may have as to material
information, sentencing classifications, sentencing guideline
ranges, and policy statements contained in or omitted from the
report. The defendant agrees to meet with the United States at
least five days prior to sentencing in a good faith attempt to
resolve any substantive differences. If any issues remain
unresolved, they shall be communicated to the Probation Officer
for inclusion in an addendum to the pre-sentence report. The
defendant agrees that unresolved substantive objections will be

19

decided by the court after briefing, or a pre-sentence hearing, or
at the sentencing hearing where the standard or proof will be a
preponderance of the evidence, and the Federal Rules of
Evidence, other than with respect to privileges, shall not apply
under Fed. R. Evid. 1101(d)(3), and the court may consider any
reliable evidence, including hearsay.  Objections by the
defendant to the pre-sentence report or the court's rulings, will
not be grounds for withdrawal of a plea of guilty.

22. <u>Relevant Sentencing Information</u>.  At the sentencing, the
United States will be permitted to bring to the court's attention,
and the court will be permitted to consider, all relevant
information about the defendant's background, character and
conduct, including the conduct that is the subject of the charges
that the United States has agreed to dismiss, and the nature
and extent of the defendant's cooperation, if any.  The United
States will be entitled to bring to the court's attention and the
court will be entitled to consider any failure by the defendant to
fulfill any obligation under this Agreement.

20

23. Non-Limitation on Government's Response.  Nothing in this
Agreement shall restrict or limit the nature or content of the
United States' motions or responses to any motions filed on
behalf of the defendant.  Nor does this Agreement in any way
restrict the government in responding to any request by the
court for briefing, argument or presentation of evidence
regarding the application of Sentencing Guidelines to the
defendant's conduct, including but not limited to, requests for
information concerning possible sentencing departures.

24. Court Not Bound by Terms.  The defendant understands that
the court is not a party to and is not bound by this Agreement,
or any recommendations made by the parties. Thus, the court is
free to impose upon the defendant any sentence up to and
including the maximum sentence of imprisonment for 20 years,
a fine of $250,000, up to a lifetime of supervised release, which
shall be served at the conclusion of and in addition to any term
of imprisonment, the costs of prosecution, denial of certain
federal benefits, and assessments totaling $100.

21

## H.  **Breach of Plea Agreement by Defendant**

25. <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

26. <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

22

a.  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

b.  The United States will be free to make any recommendations to the court regarding sentencing in this case;

c.  Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d.  The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, or other similar grounds.

27. <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Plea

23

Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

24

## I. Registration , Civil Commitment & Transfer of Information in Child Pornography/ Sex Crimes Cases

28. Sex Offender Registration (Megan's Law/Adam Walsh Act)

Notice. The defendant understands that the court, as a

condition of supervised release or probation, must order the

defendant to comply with all sex offender registration

requirements under the Sex Offender Registration and

Notification Act and that, if applicable, defendant must register

and keep registration current and accurate in each of the

following jurisdictions: the location of residence; the location of

employment; and the location of any school that defendant is

attending. The defendant understands that such information

must be updated no later than three business days after any

change. A failure to comply with these and other obligations

may subject the defendant to prosecution under federal law.

The defendant acknowledges that one possible consequence of a

guilty plea is that the court may determine, after the completion

of a sentence, that the defendant is a sexually dangerous

25

offender and may commit the defendant to a medical facility for treatment.

29. Civil Commitment as Sexually Dangerous Person. The defendant has been advised, and understands, that pursuant to § 4248 of Title 18 of the United States Code, the defendant faces potential civil commitment as a sexually dangerous person, following the expiration of the defendant's term of imprisonment. The defendant understands that potential civil commitment would be the subject of a separate proceeding. The defendant further understands that no one, including the defendant's attorney or the district court, can predict with certainty the effect of the defendant's conviction on such a civil commitment determination. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any potential civil commitment consequences that the defendant's plea may entail, even if the consequence is indefinite civil commitment following the expiration of the defendant's term of imprisonment.

26

30. Transfer of Case for Child Custody Determinations. The

defendant agrees to interpose no objection to the Government's

transferring evidence or providing information concerning the

defendant and/or this offense to other state or local authorities

or agencies for purpose of child custody proceedings relating to

the defendant.

## J. Deportation

31. Deportation/Removal from the United States. The defendant

understands that, if defendant is not a United States citizen,

deportation/removal from the United States is a possible

consequence of this plea. The defendant further agrees that

this matter has been discussed with counsel who has explained

the immigration consequences of this plea. Defendant still

desires to enter into this plea after having been so advised.

## K. Appeal Waiver

32. Conditional Appeal Waiver. The defendant is aware that Title

28, United States Code, § 1291 affords a defendant the right to

appeal a judgment of conviction and sentence; and that Title 18,

27

United States Code, § 3742(a) affords a defendant the right to
appeal the sentence imposed. Acknowledging all of this, the
defendant knowingly waives the right to appeal the conviction
and sentence. However, if the Court finds that U.S.S.G.
§2G2(b)(3)(D) or U.S.S.G. §2G2(b)(5) are applicable to the
defendant's Sentencing Guidelines calculation, the defendant
retains the right to appeal the sentence.

This conditional waiver includes any and all possible
grounds for appeal, whether constitutional or non-
constitutional, including, but not limited to, the manner in
which that sentence was determined in light of United States v.
Booker, 543 U.S. 220 (2005). The defendant further
acknowledges that this conditional appeal waiver is binding
only upon the defendant and that the United States retains its
right to appeal in this case

## L. Other Provisions

33. Agreement Not Binding on Other Agencies. Nothing in this
    Agreement shall bind any other United States Attorney's Office,

28

state prosecutor's office, or federal, state or local law
enforcement agency.

34. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or
initiate any civil claims or suits against the United States of
America, its agencies or employees, whether or not presently
known to the defendant, arising out of the investigation,
prosecution or cooperation, if any, covered by this Agreement,
including but not limited to any claims for attorney's fees and
other litigation expenses arising out of the investigation and
prosecution of this matter.  By the defendant's guilty plea in
this matter the defendant further acknowledges that the
Government's position in this litigation was taken in good faith,
had a substantial basis in law and fact and was not vexatious.

35. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is
entering into this Plea Agreement with the defendant because
this disposition of the matter fairly and adequately addresses
the gravity of the series of offenses from which the charges are

29

drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

36. Merger of All Prior Negotiations. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

37. Defendant is Satisfied with Assistance of Counsel. The

    Defendant agrees that the defendant has discussed this case

    and this plea agreement in detail with the defendant's attorney

    who has advised the defendant of the defendant's Constitutional

    and other trial and appeal rights, the nature of the charges, the

    elements of the offenses the United States would have to prove

    at trial, the evidence the United States would present at such

    trial, possible defenses, the advisory Sentencing Guidelines and

    other aspects of sentencing, potential losses of civil rights and

    privileges, and other potential consequences of pleading guilty

    in this case. The defendant agrees that the defendant is

    satisfied with the legal services and advice provided to the

    defendant by the defendant's attorney.

38. Deadline for Acceptance of Plea Agreement. The original of this

    Agreement must be signed by the defendant and defense

    counsel and received by the United States Attorney's Office on

    or before 5:00 p.m., April 26, 2019, otherwise the offer may, in

    the sole discretion of the Government, be deemed withdrawn.

31

39. <u>Required Signatures</u>.  None of the terms of this Agreement shall

be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant

and defense counsel and then signed by the United States

Attorney or his designee.


## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

04/28/2019
Date

CLAY AARON RASP
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4-28-19
Date

MONICA CLIATT, ESQ.
Counsel for Defendant

[    I certify that the plea agreement was read in its entirety to the defendant in the _____ language and that it was a true and accurate translation.

_____
Date

_____

INTERPRETER]

DAVID J. FREED
United States Attorney

$4/29/2019$

Date

By: _____

MICHAEL A. CONSIGLIO
Assistant United States Attorney

MAC
VERSION DATE: November 27, 2017